UNITED STATES DISTRCT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| Adam Hawley, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | **(Civil)** |
| Union Pacific Railroad Company, | ) | |
| a Delaware corporation, | ) | **Jury Trial Demanded** |
| | ) | |
| Defendant. | ) | |

COMES NOW Plaintiff Adam Hawley and for his claims against Defendant Union Pacific Railroad Company, a Delaware corporation, states and alleges as follows:

### Preliminary Statement

1. This is an action to recover damages for personal injuries Plaintiff suffered during the course and scope of his employment on August 19, 2019 while working as a carman for Defendant. Plaintiff's claims against Defendant are brought under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60.

### Parties

2. That at all times relevant herein, Plaintiff was a resident and citizen of North Platte, Nebraska, and was employed by Defendant as a carman engaged in interstate commerce.

3. That at all times relevant herein, Defendant was a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business in Omaha, Nebraska; was duly licensed to operate a system of railroads, as a common carrier of freight for hire in and through the State of Nebraska; and was engaged as a common carrier in interstate commerce.

**Jurisdiction and Venue**

4. This Court has subject-matter jurisdiction over Plaintiff's claims under the FELA pursuant to 28 U.S.C. § 1331 (federal question).

5. This Court has personal jurisdiction over Defendant because its principal place of business is in Omaha, Nebraska, and it purposefully availed itself of the privilege of conducting significant activities in the State of Nebraska, creating sufficient contacts within the state to permit this Court to exercise jurisdiction.

6. Venue of this lawsuit in this Court is proper pursuant to 45 U.S.C. § 56 which allows bringing FELA claims in the district of the residence of the defendant or in the district where the defendant is doing business at the time the action is commenced.

7. This action brought under the FELA is timely commenced pursuant to 45 U.S.C. § 56.

**Facts**

8. That on August 19, 2019 at about 9:15 p.m., Plaintiff was in the course and scope of his employment as a carman for Defendant at its Yard located in North Platte, Nebraska. Plaintiff was assigned to change a knuckle on one of the railcars. Plaintiff went to the knuckle table to get a knuckle cart. There was only one cart available to the Plaintiff. The knuckle cart was defective and had bent wheel rims despite repeated notification to Defendant. As the Plaintiff was navigating the knuckle cart between the tracks, he had to go around other pieces of equipment that were being used for repairs. Due to the bent wheel rims, the cart wobbled and was hard to control. While pushing the knuckle cart, the cart veered due to the bent wheel rims striking another piece of equipment. Plaintiff immediately felt severe pain in his left shoulder and was caused to sustain severe injury due to the defective and unsafe condition of the knuckle cart and yard, and due to the

Defendant's negligence and carelessness in failing to provide a reasonably safe place to work including proper assistance or equipment to safely perform the work assigned. As a result, Plaintiff was caused to suffer severe and permanent injuries and be otherwise damaged.

### **Negligence**

9. That pursuant to the FELA, 45 U.S.C. § 51, Defendant is liable in damages for injuries resulting in whole or in part from the negligence of Defendant's officers, agents, or employees, or by reason of any defect or insufficiency in its cars, engines, appliances, machinery, track, roadbed and works.

10. Defendant breached its duty under the FELA when it:

   a. Failed to provide Plaintiff with a reasonably safe place to work;

   b. Failed to properly inspect, maintain and repair its premises, equipment, yard and tracks;

   c. Failed to provide Plaintiff with safe and proper tools and equipment for the work assigned;

   d. Failed to comply with and enforce its rules and procedures;

   e. Negligently assigning Plaintiff to work with unsafe and defective equipment; and

   f. Other acts of negligence to be determined.

11. As a result of the above-described negligent acts, Plaintiff suffered severe, permanent and disabling injuries and damages, he has suffered pain in the past and will suffer pain in the future; has incurred expenses for medical attention and hospitalization, will incur further like expenses in the future, has suffered loss of earnings and loss of future earning capacity; has suffered loss of his enjoyment of living, and has suffered permanent injury and disability, all to his injury and damage.

**WHEREFORE**, Plaintiff Adam Hawley prays judgment against Defendant Union Pacific Railroad Company in an amount to be determined as reasonable compensation for all the injuries and damages he has suffered, together with interest thereon as provided by law, and for his costs and disbursements herein incurred, and for such other and further relief as the Court may deem just and appropriate.

**PLAINTIFF REQUESTS TRIAL BY JURY.**

Dated: July 28, 2022              HUNEGS, LeNEAVE & KVAS, P.A.

*/s/ Paul Banker*
Randal W. LeNeave, NE ID #24813
Paul Banker, MN ID #0256596
Attorneys for Plaintiff
1000 Twelve Oaks Center Drive, Suite 101
Wayzata, Minnesota 55391
Telephone: (612) 339-4511
Facsimile: (612) 339-5150
rleneave@hlklaw.com
pbanker@hlklaw.com